IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

JAMES MINK OBO NORA
MULLINS FOR A.M.,

  Plaintiff,

v.              Civil Action No. 5:16-cv-01854

WAL-MART STORES, INC.,

  Defendant.

### MOTION OF DEFENDANT WAL-MART STORES, EAST, LP, TO STRIKE "PLAINTIFF'S PLEADINGS AND RESPONSE TO SUPPLEMENTAL MOTION TO DISMISS"

Now comes the Defendant Wal-Mart Stores, East, LP, (incorrectly identified in the Plaintiff's Complaint as Wal-Mart Stores, Inc.), and moves the Court, in accordance with its inherent power to enforce its orders and manage the cases before it, to strike the "Plaintiff's Pleadings and Response to Supplemental Motion to Dismiss" (hereafter "Plaintiff's Pleadings and Response"; Docket 16), for the reason that the "Plaintiff's Pleadings and Response" fails to respond in any respect to the limited issue raised by Wal-Mart's Supplemental Motion to Dismiss. In support of this motion, the Defendant states:

1.  Wal-Mart filed a Supplemental Motion to Dismiss (Docket 14), in which it made a single argument that it had omitted from its original Motion to Dismiss, that is, that while Nora Mullins may appear in this matter *pro se* to represent her own interests and assert her own claims, she may not do so with respect to the interests or claims of her child.

2.  By Order entered April 12, 2016, the Court notified the Plaintiff of the right to file a response to Wal-Mart's Supplemental Motion to Dismiss no later than April 27, 2016, and supplemented its earlier Roseboro notice. (Docket 15; Docket 7.)

3. On April 27, 2016, the "Plaintiff's Pleadings and Response" was filed and served on counsel for Wal-Mart. (Docket 16.)

4. Notwithstanding Wal-Mart's earlier filing of a Motion to Dismiss, which relied in part on Rule 12(b)(6), the "Plaintiff's Pleadings and Response," for the first time in this litigation, provides some cryptic information concerning the facts allegedly surrounding the event that gives rise to this civil action; however, the "Plaintiff's Pleadings and Response," as far as the Defendant can ascertain, does not address in any respect whatsoever the sole issue raised by Wal-Mart's Supplemental Motion to Dismiss. (Docket 15.)

5. The "Plaintiff's Pleadings and Response," on the whole, is a mostly unintelligible, stream-of-consciousness document, which addresses, as was addressed in the previously filed "Response to the Motion to Dismiss of Defendant Wal-Mart Stores, East, LP," the propriety of Mr. Mink's representation of Nora Mullins and her minor child in this matter under the terms of Ms. Mullins's Power of Attorney, and which provides a mostly unintelligible, stream-of consciousness, incomplete recitation of some factual information that presumably is relied on to support the allegations in the Complaint. (Docket 16.)

6. Wal-Mart does not now address this new factual information, inasmuch the "Plaintiff's Pleadings and Response" is non-responsive to its Supplemental Motion to Dismiss and, as such, is nothing more than a rogue filing. In addition, the information was not presented properly, in response to Wal-Mart's Rule 12(b)(6) motion, nor has any effort been made, even in this rogue filing, to explain the reason that this newly provided information should save the Complaint from dismissal under Rule 12(b)(6).

7. Moreover, other issues raised by Wal-Mart's Motion to Dismiss and Supplemental Motion to Dismiss necessarily must be resolved first; that is, whether James Mink

may appear in this civil action, *pro se* on behalf of Nora Mullins and her minor child, under Ms. Mullins's Power of Attorney and whether Nora Mullins may appear in this civil action, *pro se* on behalf of her minor child.

8. The Defendant believes that it discerned an allegation in the "Plaintiff's Pleadings and Response" that the Defendant was acting in a dilatory manner for improper purposes; however, the representational issues raised by Wal-Mart in its pending Motion to Dismiss and Supplemental Motion to Dismiss are threshold matters that must be addressed by the Court before this matter may proceed.

9. Without admitting the truth of any of the factual information provided for the first time in the "Plaintiff's Pleadings and Response," the Defendant acknowledges that the Complaint's Rule 12(b)(6) deficiencies, conceivably, may be subject to repair, if the Plaintiff obtains appropriate representation.

10. Nevertheless, the "Plaintiff's Pleadings and Response" goes beyond the response that the Court allowed by its April 12, 2016, Order; the "Plaintiff's Pleadings and Response" fails to address the single issue raised by Wal-Mart's Supplemental Motion to Dismiss; to the extent that the "Plaintiff's Pleadings and Response" purports to address Wal-Mart's Motion to Dismiss under Rule 12(b)(6), the briefing on that issue was already closed; and to the extent that the "Plaintiff's Pleadings and Response" purports to address any issue of consequence in this matter, the memorandum is so incomprehensible as not to be susceptible to a coherent reply, thereby potentially putting the Defendant Wal-Mart at a disadvantage.

11. The Court, therefore, should strike the "Plaintiff's Pleadings and Response" and should not give it any consideration in ruling on Wal-Mart's Motion to Dismiss and Supplemental Motion to Dismiss.

WHEREFORE, for these reasons, the Defendant Wal-Mart Stores, East, LP, respectfully requests that the Court grant this motion, strike the "Plaintiff's Pleadings and Response to Supplemental Motion to Dismiss" (Docket 16), disregard it in ruling on Wal-Mart's pending Motion to Dismiss and Supplemental Motion to Dismiss, and grant this Defendant such other relief as the Court deems appropriate under the circumstances.

WAL-MART STORES EAST, LP,
By Counsel

/s/ Heather M. Noel
Heather M. Noel (W.Va. Bar No. 7814)
Sara E. Brown (W. Va. Bar No. 11999)
Counsel for the Defendant
MacCorkle Lavender PLLC
2004 White Willow Way
Morgantown, WV 26505
Telephone: (304) 599-5600
Facsimile (304) 599-8141
hnoel@mlclaw.com
sbrown@mlclaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

JAMES MINK OBO NORA
MULLINS FOR A.M.,

    Plaintiff,

v.                                            Civil Action No. 5:16-cv-01854

WAL-MART STORES, INC.,

    Defendant.

## CERTIFICATE OF SERVICE

I, Heather M. Noel, do hereby certify that on the 2nd day of May, 2016, a true copy of the foregoing **MOTION OF DEFENDANT WAL-MART STORES, EAST, LP, TO STRIKE "PLAINTIFF'S PLEADINGS AND RESPONSE TO SUPPLEMENTAL MOTION TO DISMISS"** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

James E. Mink
PO Box 64
New Richmond, WV 24867
*Power of Attorney for Nora Mullins obo A.M.*

*A copy of the same was served upon Mr. Mink via First Class Mail.*

_____/s/ Heather M. Noel_____
Heather M. Noel (W.Va. Bar No. 7814)
Sara E. Brown (W. Va. Bar No. 11999)
MacCorkle Lavender PLLC
2004 White Willow Way
Morgantown, WV 26505
Telephone: (304) 599-5600
Facsimile (304) 599-8141
hnoel@mlclaw.com
sbrown@mlclaw.com