IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| JAMES MINK ) | |
| OBO NORA MULLINS FOR A.M., ) | |
|  ) | |
| **Plaintiff,** ) | |
| v.  ) | Civil Action No. 5:16-01854 |
|  ) | |
| WAL-MART STORES, INC., ) | |
|  ) | |
| **Defendant.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following Motions: (1) Defendant's Motion to Dismiss (Document No. 5.); and (2) Defendant's Supplemental Motion to Dismiss (Document No. 14.). By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined the Complaint, the undersigned concludes that this case must be dismissed unless Ms. Mullins or her agent acting under a duly executed power of attorney, retains a licensed attorney-at-law to litigate this matter.

## PROCEDURAL AND FACTUAL HISTORY

On January 28, 2016, Plaintiff, acting *pro se*,[1] filed a three-count civil Complaint alleging:

> "COUNT I
>
> That the Defendant and or his or her agents willfully, maliciously and intentionally inflicted emotional distress upon the Plaintiffs without just cause with the intent of harming the Plaintiffs and as a direct and proximate cause of Defendant's and his or her agents actions, the Plaintiffs were in fact irreparably harmed by the Defendant and his or her agents.

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

COUNT II

That the Defendant and or his or her agents have intentionally, maliciously, and without just cause slandered the Plaintiff's names and reputations in the community by making knowingly false, malicious and intentional statements both verbally and libel about the Plaintiff's, Plaintiffs family, and as a direct and proximate cause thereof the Defendant and or his or her agents have irreparably harmed the Plaintiffs, violating the Plaintiffs Civil Rights.

COUNT III

That the Defendant and or his or her agents have intentionally, maliciously and without just cause, engaged in deceitful business practices and malicious and intentional fraud that were calculated to harm the Plaintiffs and as a direct and proximate cause thereof the Plaintiffs have been irreparably harmed."[2]

(Document No. 4-1.) The Plaintiff is described in the complaint as "James Mink obo Nora Mullins for A.M.." The Complaint alleges that "Nora Mullins is an adult resident filing on behalf of her dependent minor child as her legal guardian…" (Id.) As relief, Plaintiff requests monetary damages, both actual and punitive, along with attorney fees and costs as well as an injunction preventing "Defendant and his or her agents from continuing to harm Plaintiffs and Plaintiffs (sic) family". (Id.) As an Exhibit, Plaintiff attaches a copy of the "Durable Power of Attorney" exhibiting that Plaintiff, James Mink, was appointed as the attorney-in-fact for Nora Mullins. (Id.) This matter was originally filed in Wyoming County, WV and was subsequently removed by the Defendant to this Court based upon diversity of citizenship and the amount in controversy being

---

[2] The various Counts of the Complaint uses the term "Plaintiffs". While the natural reading of the complaint appears to be alleging that all of the individuals, meaning Mr. Mink, Ms. Mullins and the minor A.M., were allegedly harmed by the Defendant, Mr. Mink states in the response to Defendant's Motion to Dismiss that the complaint was "intentionally minimal and vague as to intricate details and identifiers of names, times, places as a measure of privacy and safety **for claim is brought forth on behalf of a minor in age as initialed above as real party of interest**…" (Document 10 at p. 1.) (Emphasis added.)

in excess of $75,000.00 as alleged by the Plaintiff in the complaint. (See Amended Notice of Removal Document No. 4.)

Defendant filed a Motion to Dismiss on March 4, 2016 alleging:

1. The Plaintiff James Mink is not the real party in interest.

2. The Power of Attorney attached to the Complaint does not vest James Mink, under West Virginia law, to bring this action, *pro se,* on behalf of Nora Mullins.

3. The Complaint fails to contain a short and plain statement of the Plaintiff's claim; it fails to contain factual allegations sufficient to support a facially plausible claim for relief; and, therefore, it fails to state a claim upon which relief can be granted against this Defendant.

4. The Complaint fails to plead fraud with particularity.

(Document No. 5.) Defendant also filed its Memorandum in Support of its Motion to Dismiss (Document No. 6) and attached thereto an email, from Mr. Mink to Counsel for the Defendant, wherein Mr. Mink states, in part, as follows: "Ms. Noel, I am the POA and opposing counsel…". (Document No. 6-1).

Mr. Mink filed his response (Document No. 10). Mr. Mink asserts that WV Code §§ 39B-2-103 and 112[3] as well as WV Code § 50-4-4a[4] provide him with ample authority that the State of West Virginia permits non-licensed and/or non-lawyers to represent others in a court of law. (Id., p. 3.) Specifically, Mr. Mink asserts:

---

[3] W. Va. Code, § 39B-2-103 and 112 is part of the West Virginia's Uniform Power of Attorney Act. This specific section provides the authority that one acting through a Power of Attorney may perform.

[4] W. Va. Code Ann. § 50-4-4a provides: Any party to a civil action in a magistrate court may appear and conduct such action in person, by agent or by attorney. Appearance by an agent or attorney shall have the same effect as appearance by the party represented, and the appearance by an agent shall not constitute the unlawful practice of law. No magistrate may act as such agent or attorney.

3

> "West Virginia Code grants authority to agent of principal concerning power of attorney the rights to assert and maintain before a court, a specific performance, a cause of action, a claim, participate in litigation, appear for the principal, act on behalf of the principal or in the principals interests, WV Code 39B-2-l 12, Claims and litigation, to seek on the principal's behalf the assistance of a court or governmental agency to carry out an act authorized in the power of attorney, WV Code 39B-2-103."

(Id., pp. 2-3.)

On April 12, 2016, Defendant filed a Supplemental Motion to Dismiss. (Document No. 14). Mr. Mink filed a response to the Supplemental Motion to Dismiss on April 27, 2016 (Document No. 16.) On May 2, 2016, Defendant filed a Motion to Strike (Document No. 17) Mr. Mink's response (Document No. 16). Plaintiff filed a response (Document No. 18) to Defendant's Motion to Strike on May 18, 2016. Thereafter, Defendant moved (Document No. 19) to strike Mr. Mink's response (Document No. 18). On June 7, 2016, Mr. Mink responded (Document No. 20) to Defendant's second Motion to Strike (Document No. 19).

## **THE STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550

U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## **DISCUSSION**

Individuals have a statutory right pursuant to 28 U.S.C. § 1654 to prosecute their own cases *pro se* in federal courts. 28 U.S.C. § 1654("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); also see Faretta v. California, 422 U.S. 806, 825, 834, 95 S.Ct. 2525, 2536-41, 45 L.Ed.2d 562 (1975)(Stating that Section 1654 "guarantee[s] a choice between representation by counsel and the traditional practice of self-representation."); Myers v. Loudoun County Public Schools, 418 F.3d 395, 400 (4th Cir. 2005)("An individual unquestionably has the right to litigate his own claims in federal court . . ..) "The right to litigate for *oneself*, however, does not create a coordinate right to litigate for *others*." Myers, 418 F.3d at 400(emphasis in original)(holding that generally a parent may not proceed *pro se* on behalf of his or her child); also see Osborne v. Bank of the United States, 22 U.S. 738, 6 L.Ed. 204 (1824)(A corporation can appear only by an attorney, while a natural person may appear for himself.) The Fourth Circuit has explained that "we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others." Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)(finding that an individual may not proceed *pro se* on behalf of a class of plaintiffs); also see Guest v. Hansen, 603 F.3d 15, 20 (2nd Cir. 2010)("The law contains so many esoteric pitfalls for an untrained advocate . . . that the risk of inadvertent waiver or abandonment of an issue is too high for us to allow a *pro se* litigant to represent another

5

person.").

In the instant case, reading the pleadings in this matter as a whole, Mr. Mink, an non-lawyer is attempting to representing Nora Mullins.[5] Mr. Mink asserts his right to represent Ms. Mullins pursuant to the power-of-attorney ostensibly executed by Ms. Mullins. (Document No. 1-1, p. 8). Nora Mullins, who is acting on behalf of and as legal guardian of her minor child, brings claims against the Defendant. Plaintiff, James Mink does not allege any claims in his individual capacity nor does Nora Mullins allege any claims in her individual capacity[6]. Instead, Mr. Mink asserts the Defendant harmed the minor child A.M. by: 1) intentionally inflicting emotional distress; 2) causing irreparable harm to the minor child A.M. by slandering and libeling the minor child A.M.; and 3) causing harm to the minor child A.M. by the Defendant's alleged deceitful business practices and malicious and intentional fraud.

The Defendant filed its Motion to Dismiss (Document No. 5) asserting:

1. The Plaintiff James Mink is not the real party in interest.

2. The Power of Attorney attached to the Complaint does not vest James Mink, under West Virginia law, to bring this action, *prose,* on behalf of Nora Mullins.

3. The Complaint fails to contain a short and plain statement of the Plaintiff's claim; it fails to contain factual allegations sufficient to support a facially plausible claim for relief; and, therefore, it

---

[5] Essentially Mr. Mink asserts that he is representing himself as the attorney-in-fact of Ms. Mullins. As will be discussed below, Mr. Mink's actions in filing this matter alleging he is acting *pro se* actually constitutes the unauthorized practice of law.

[6] The Complaint it this matter was signed by Nora Mullins as the signature on the complaint appears nearly identical to the signature on the Durable Power of Attorney attached to the complaint. However, Ms. Mullins signature to the complaint reads as follows: /s/ Nora Mullins by: /s/ James E Mink Their Power of Attorney. While Ms. Mullins has signed the complaint, it is clear that she is not acting *pro se* in this matter as Mr. Mink has filed all of the pleadings. (Document No. 4-1.) Mr. Mink, acting as the attorney-in-fact, via the Durable Power of Attorney, attempts to assert that he is representing Ms. Mullins, *pro se*, pursuant to the alleged authority provided in the Durable Power of Attorney. As will be discussed below, Mr. Mink cannot represent Ms. Mullins in this matter as that constitutes the unauthorized practice of law.

>
> fails to state a claim upon which relief can be granted against this Defendant.
>
> 4. The Complaint fails to plead fraud with particularity.

(Id.)

W. Va. Code, § 30-2-4[7] states as follows:

> It shall be unlawful for any natural person to practice or appear as an attorney-at-law for another in a court of record in this state, or to make it a business to solicit employment for an attorney, or to furnish an attorney or counsel to render legal services, or to hold himself out to the public as being entitled to practice law, or in any other manner to assume, use, or advertise the title of lawyer, or attorney and counselor-at-law, or counselor, or attorney and counselor, or equivalent terms in any language, in such manner as to convey the impression that he is a legal practitioner of law, or in any manner to advertise that he, either alone or together with other persons, has, owns, conducts or maintains a law office, without first having been duly and regularly licensed and admitted to practice law in a court of record of this state, and without having subscribed and taken the oath required by the next preceding section. Any person violating the provisions of this section shall be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not more than one thousand dollars; but this penalty shall not be incurred by any attorney who institutes suits in the circuit courts after obtaining a license, if he shall qualify at the first term thereafter of a circuit court of any county of the circuit in which he resides.

Clearly, Mr. Mink is holding himself out as "Counsel" for Ms. Mullins. He says as much in his email correspondence to Counsel for Wal-Mart wherein he states "Ms. Noel, I am the POA and **opposing counsel**…". (Document No. 6-1)(emphasis added). Ms. Mullins power of attorney to Mr. Mink provides:

> My Agent shall have full power and authority to act on my behalf
> … to:

---

[7] This particular section of WV Code was amended with an effective date of June 9, 2016. As the pleadings in this matter were filed prior to June 9, 2016, the undersigned is referencing the language of this section that was in effect prior to June 9, 2016.

7

> …
> 2. Institute, bring forth, supervise, prosecute, defend, intervene in, abandon, compromise, arbitrate, settle, dismiss, and appeal from any and all legal, equitable, judicial or administrative hearings, actions, suits, proceedings, attachments, arrests or distresses, involving me or those who are dependent upon me in any way, for or against me. (Document No. 1-1, at ¶ #2).

Mr. Mink is under the belief that the above stated language allows him to litigate the matter himself rather than having to hire counsel to do so. However, that is not the case. The authority granted to Mr. Mink is not unlike the authority granted to an executor or an administrator of decedent's estate to prosecute actions on behalf of an estate. For example, while the executor or administrator would have the ability to retain counsel and obligate the estate assets to prosecute a claim on behalf of an estate, the executor or administrator would not be permitted to represent the estate in a court of law or other tribunal. In other words, Mr. Mink would certainly be within his authority granted by Ms. Mullins via the Durable Power of Attorney to retain counsel for Ms. Mullins (Id. at ¶ # 4.ii); to contractually bind Ms. Mullins to a legal representation contract with an attorney (Id. at ¶ # 4.i); to incur expenses to retain an attorney (Id. at ¶ # 4.ii); and to settle and compromise a legal cause of action for Ms. Mullins (Id. at ¶ # 2). However, the Durable Power of Attorney cannot override West Virginia statutes, regulations and case law regarding the practice of law by non-licensed individuals.

The Supreme Court of Appeals of W.Va. has stated:

> As the sole power to define, supervise, regulate and control the practice of law is inherent in the judicial branch of the government, the Legislature does not have the power to admit persons to the practice of law or to permit laymen to engage in activities which constitute the practice of law as defined by this Court.

West Virginia State Bar v. Earley, 144 W. Va. 504, 533; 109 S. E.2d 420, 438 (1959).

Mr. Mink cites three sections of West Virginia Code to assert that he does have the authority to act herein as "Counsel" for Ms. Mullins. Mr. Mink cites two sections of the Uniform Power of Attorney Act adopted by the State of West Virginia.

First, Mr. Mink cites W. Va. Code § 39B-2-103 which provides:

> Except as otherwise provided in the power of attorney, by executing a power of attorney that incorporates by reference a subject described in sections one hundred four through one hundred seventeen of this article or that grants to an agent authority to do all acts that a principal could do pursuant to the provisions of section one hundred one subsection (c) of this article, a principal authorizes the agent, with respect to that subject, to:
> (1) Demand, receive and obtain by litigation or otherwise, money or another thing of value to which the principal is, may become or claims to be entitled, and conserve, invest, disburse or use anything so received or obtained for the purposes intended;
> (2) Contract in any manner with any person, on terms agreeable to the agent, to accomplish a purpose of a transaction and perform, rescind, cancel, terminate, reform, restate, release or modify the contract or another contract made by or on behalf of the principal;
> (3) Execute, acknowledge, seal, deliver, file or record any instrument or communication the agent considers desirable to accomplish a purpose of a transaction, including creating at any time a schedule listing some or all of the principal's property and attaching it to the power of attorney;
> (4) Initiate, participate in, submit to alternative dispute resolution, settle, oppose or propose or accept a compromise with respect to a claim existing in favor of or against the principal or intervene in litigation relating to the claim;
> (5) Seek on the principal's behalf the assistance of a court or other governmental agency to carry out an act authorized in the power of attorney;
> (6) Engage, compensate and discharge an attorney, accountant, discretionary investment manager, expert witness or other advisor;
> (7) Prepare, execute and file a record, report or other document to safeguard or promote the principal's interest under a statute or rule;
> (8) Communicate with any representative or employee of a government or governmental subdivision, agency or instrumentality, on behalf of the principal;
> (9) Access communications intended for, and communicate on behalf of the principal, whether by mail, electronic transmission, telephone or other means; and

>> (10) Do any lawful act with respect to the subject and all property related to the subject.

Second, Mr. Mink cites W. Va. Code § 39B-2-112, which provides:

> (a) Unless the power of attorney otherwise provides, language in a power of attorney granting general authority with respect to claims and litigation authorizes the agent to:
> (1) Assert and maintain before a court or administrative agency a claim, claim for relief, cause of action, counterclaim, offset, recoupment or defense, including an action to recover property or other thing of value, recover damages sustained by the principal, eliminate or modify tax liability, or seek an injunction, specific performance or other relief;
> (2) Bring an action to determine adverse claims or intervene or otherwise participate in litigation;
> (3) Seek an attachment, garnishment, order of arrest or other preliminary, provisional or intermediate relief and use an available procedure to effect or satisfy a judgment, order or decree;
> (4) Make or accept a tender, offer of judgment or admission of facts, submit a controversy on an agreed statement of facts, consent to examination and bind the principal in litigation;
> (5) Submit to alternative dispute resolution, settle and propose or accept a compromise;
> (6) Waive the issuance and service of process upon the principal, accept service of process, appear for the principal, designate persons upon which process directed to the principal may be served, execute and file or deliver stipulations on the principal's behalf, verify pleadings, seek appellate review, procure and give surety and indemnity bonds, contract and pay for the preparation and printing of records and briefs, receive, execute and file or deliver a consent, waiver, release, confession of judgment, satisfaction of judgment, notice, agreement or other instrument in connection with the prosecution, settlement or defense of a claim or litigation;
> (7) Act for the principal with respect to bankruptcy or insolvency, whether voluntary or involuntary, concerning the principal or some other person, or with respect to a reorganization, receivership or application for the appointment of a receiver or trustee which affects an interest of the principal in property or other thing of value;
> (8) Pay a judgment, award or order against the principal or a settlement made in connection with a claim or litigation; and
> (9) Receive money or other thing of value paid in settlement of or as proceeds of a claim or litigation.

Finally, Mr. Mink also relies upon W. Va. Code § 50-4-4a which provides:

> Any party to a civil action in a magistrate court may appear and conduct such action in person, by agent or by attorney. Appearance by an agent or attorney shall have the same effect as appearance by the party represented, and the appearance by an agent shall not constitute the unlawful practice of law. No magistrate may act as such agent or attorney.

Mr. Mink believes that the above cited code sections provide him the legislative authority to practice law and represent Ms. Mullins as Counsel. However, Mr. Mink's reliance on these provisions of law is misplaced. For example, when the statute provides that an agent has authority to "bring an action", that merely provides Mr. Mink, as the agent, with the ability to retain counsel for Ms. Mullins to "bring an action" on her behalf. It does not give Mr. Mink the ability to practice law. As stated *infra*, the power to regulate the practice of law in the State of West Virginia is vested with the Supreme Court of Appeals of West Virginia. West Virginia State Bar v. Earley, 144 W. Va. 504, 533; 109 S. E.2d 420, 438 (1959). The Supreme Court of Appeals of West Virginia has provided a definition of the practice of law, which provides, in part:

> It is essential to the administration of justice and the proper protection of society that only qualified persons duly licensed be permitted to engage in the practice of law. It is harmful to the public interest to permit anyone to represent falsely that he is qualified to perform legal services.
>
> **Unlicensed persons are excluded from the practice of law to protect the public from being advised and represented in legal matters by unqualified and undisciplined persons over whom the courts could exercise little, if any, control.**

WV R LAW PRAC Definition of the Practice of Law (West) (emphasis added).

As stated above, Mr. Mink's duties are not unlike the duties of an executor or administrator of an estate. Although the Fourth Circuit has not directly addressed the issue regarding unlicensed, individuals acting as an attorney or counsel for another, other circuits have held that an

11

administrator or executor of an estate may not act *pro se* unless he or she is the sole beneficiary and the estate has no creditors. Bass v. Leatherwood, 788 F.3d 228, 230 (6th Cir. 2015); Malone v. Nielson, 474 F.3d 934, 937 (7th Cir. 2007); Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002); Pridgen v. Andresen, 113 F.3d 391, 393 (2nd Cir. 1997); also see Witherspoon v. Jeffords Agency, Inc., 88 Fed. Appx. 659 (2004)(citing *Pridgen* and *Shepherd*, the Fourth Circuit noted that there was an issue concerning whether the *pro se* litigant was the sole beneficiary and whether the estate had creditors). The Second Circuit explained that where the estate has creditors or the administrator or executor is not the sole beneficiary, "an action cannot be described as the litigant's own, because the personal interest of the estate, other survivors, and possible creditors, . . . will be affected by the outcome of the proceedings." Iannaccone v. Law, 142 F.3d 553, 559 (2nd Cir. 1998). In the instant case, Mr. Mink is clearly not acting on his own behalf, but is acting on behalf of Ms. Mullins who, in turn, is acting on behalf of her minor child. The undersigned finds that is inappropriate for Mr. Mink, on behalf of Ms. Mullins, to proceed *pro se*. Accordingly, the undersigned respectfully recommends that the District Court dismiss the above action unless Ms. Mullins, or Mr. Mink acting within the authority of a valid Durable Power of Attorney, obtains counsel.[8] While not directly at issue, it is appropriate to point out that Ms. Mullins could not act *pro se* in this matter as it is now styled since she is seeking to bring an action on behalf of her minor son. In other words, should Ms. Mullins attempt to act *pro se* in this matter and prosecute the actions on behalf of her son, she would then be acting as counsel for her son which would also put her in the position of unlawfully practicing law without a license. Ms. Mullins could only act *pro se* in litigating her own causes of actions that are solely personal to her.

---

[8] The undersigned finds it unnecessary to consider the other reasons which Defendant has submitted for dismissal.

12

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss and Supplemental Motion to Dismiss (Document Nos. 5 and 14), **DISMISS** Plaintiff's Complaint (Document No. 1) and **REMOVE** this matter from the Court's docket unless Ms. Mullins can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that she, or her power of attorney, has retained counsel to represent her on behalf of her son.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Mr. Mink and Ms. Mullins and transmit a copy to counsel of record.

Date: July 14, 2016.

Omar J. Aboulhosn
United States Magistrate Judge