**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

JAMES MINK, et al.,

                        Plaintiffs,

v.                                    CIVIL ACTION NO.   5:16-cv-01854

WAL-MART STORES, INC.,

                        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *Complaint* (Document 1-1), wherein the Plaintiff asserts claims of intentional infliction of emotional distress, slander, civil rights violations, and fraud.  By *Standing Order* (Document 2) entered on February 26, 2016, this matter was referred to the Honorable Omar J. Aboulhosn for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Aboulhosn submitted his *Proposed Findings and Recommendation* (PF&R) (Document 21) on July 14, 2016, wherein it is recommended that this Court grant the Defendant's motion to dismiss and supplemental motion to dismiss, dismiss the Plaintiff's complaint, and remove this matter from the Court's docket "unless Ms. Mullins can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that she, or her power of attorney, has retained counsel to represent her on behalf of her son."   (PF&R at 13).

The Court has reviewed the *Plaintiff's Response to "Proposed Findings and Recommendation"* (Document 22), the *Response of Defendant Wal-Mart Stores, East, LP, to*

*Objections to Magistrate Judge's Proposed Findings and Recommendation* (Document 23), and the *Plaintiff's Response and Supporting Facts to Defendant's Response of Objections to Proposed Findings and Recommendation* (Document 24), as well as the underlying pleadings.   For the reasons stated herein, the Court finds that the Magistrate Judge's PF&R should be adopted and the Plaintiff's complaint dismissed.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff's complaint was filed in the Circuit Court of Wyoming County, and the matter was removed to this Court on February 26, 2016.   James Mink, a non-attorney acting *pro-se*, filed the complaint "on behalf of Nora Mullins, for A.M."   (Compl. at 1.)   Mr. Mink signed the complaint as the power of attorney for Ms. Mullins, and attached a notarized document entitled "Durable Power of Attorney" signed by Ms. Mullins.   A.M., Ms. Mullins' minor child, is the actual party in interest.   The Plaintiff alleges that Wal-Mart "willfully, maliciously and intentionally inflicted emotional distress upon the Plaintiffs," "intentionally, maliciously, and without just cause slandered the Plaintiffs names and reputations in the community by making knowingly false, malicious and intentional statements…about the Plaintiffs [and] Plaintiff's family," and "engaged in deceitful business practices and malicious and intentional fraud that were calculated to harm the Plaintiffs."   (*Id.* at 1–2.)

Wal-Mart moved for dismissal on March 4, 2016, asserting that Mr. Mink, who is not a licensed attorney, cannot appear on behalf of Ms. Mullins or her minor child, and that the complaint does not allege sufficient facts to state a claim for relief.   Mr. Mink filed a response on April 4, 2016, indicating that the complaint was intentionally vague "as a measure of privacy and safety for [the] claim is brought forth on behalf of a minor," and contending that West Virginia

2

law permits non-attorney agents to appear on behalf of parties in litigation.   (Pl.'s Resp. at 2–3) (Document 10.)   Wal-Mart filed a reply brief on April 11, 2016.   On April 12, 2016, Wal-Mart filed a supplemental motion to dismiss, noting that Nora Mullins would not be permitted to represent the interests of her minor child without an attorney, to which Mr. Mink filed a response on April 27, 2016.   The Magistrate Judge's PF&R was submitted on July 14, 2016, and the Plaintiff filed objections on July 29, 2016.   Wal-Mart responded to the Plaintiff's objections on August 9, 2016, and the Plaintiff filed a response on August 22, 2016.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."   *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).   When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction.   *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

## DISCUSSION

The Magistrate Judge provided a detailed discussion of the statutory and common law basis for the rule that *pro se* litigants may represent only themselves, and minors cannot be represented

3

by parents, but must instead be represented by counsel.   The PF&R then recommended that the matter be dismissed unless the Plaintiff obtained counsel.   The Plaintiff has not obtained counsel, and Mr. Mink has continued his representation of the claims of the minor child.   The Plaintiff objects, arguing that Mr. Mink should be permitted to continue his representation because he has shown himself to be competent.   In the alternative, the Plaintiff requests that the Court appoint counsel, explaining that the Plaintiff has attempted to obtain counsel but has been unable to do so.

Though the Plaintiff's objections do not specifically identify any error in the Magistrate Judge's thorough explanation of the limits of *pro se* litigants' ability to represent others, the Court will briefly address the issue.   Mr. Mink's competency and ability to pursue this litigation successfully is simply irrelevant.   Federal law permits parties to "plead and conduct their own cases personally or by counsel."   28 U.S.C. § 1654.   However, non-attorneys may not represent others.   *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.") Furthermore, "non-attorney parents are not authorized to represent their children pro se in federal court."   *M.D. v. Sch. Bd. of City of Richmond*, 560 F. App'x 199, 200 (4th Cir. 2014) (citing *Myers v. Loudoun Cty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005)).   Thus, A.M.'s claims cannot proceed without an attorney.

Appointment of counsel is appropriate in civil cases only in exceptional circumstances. *See, e.g.*, *Banin v. Byerson*, 620 F. App'x 166, 167 (4th Cir. 2015); *Goodman v. Johnson*, 524 F. App'x 887, 891 (4th Cir. 2013).   Whether exceptional circumstances are present "hinges on characteristics of the claim and the litigant."   *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) *abrogated on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S.

296 (1989). "If it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978) (in the context of a prison inmate suing for civil rights violations).

The Court finds no exceptional circumstances in this case to justify the appointment of counsel. The complaint does not include sufficient factual allegations for the Court to evaluate the nature of the claims. The Plaintiff's responses to the motions to dismiss provide enough information for the Court to glean the gist of the allegations. A Wal-Mart employee insulted and humiliated Ms. Mullins and her family and was terminated, then re-instated. An allegedly inaccurate version of the incident garnered attention on social media, exacerbating the harm to the Plaintiff. Most case law regarding appointment of counsel in civil cases involves prison inmates with civil rights claims. Appointment of counsel in a tort case against a corporation would be quite unusual, as attorneys typically pursue viable cases of that nature on a contingency fee basis. Accordingly, the Court declines the request to appoint counsel.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Response to "Proposed Findings and Recommendation"* (Document 22) and the *Plaintiff's Response and Supporting Facts to Defendant's Response of Objections to Proposed Findings and Recommendation* (Document 24) be **OVERRULED** and that the Magistrate Judge's *Proposed Findings and Recommendation* (PF&R) (Document 21) be **ADOPTED.** The Court further **ORDERS** that the *Motion of Defendant Wal-Mart Stores, East, LP, to Dismiss* (Document 5) and the *Supplemental Motion of Wal-Mart Stores, East, LP, to Dismiss* (Document 14) be

**GRANTED**, and that this matter be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the docket.   The Court **ORDERS** that any pending motions be **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER:    December 5, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

6